[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 30, 1993 Date of Application June 30, 1993 Date Application Filed June 30, 1993 Date of Decision October 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford.
Docket No. CR 22-10863; CT Page 9286
David F. Egan, Esq. Defense Counsel, for Petitioner.
Mary Galvin, Esq. State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was fifty years of age at the time of sentencing, was convicted after a trial by jury of the following offenses and was sentenced as indicated:
1. Kidnapping, 1st degree (53a-92 (a)(2)(A) — 20 years
 2. Sexual Assault in a (53a-70b) — 10 years Spousal Relationship
 3. Sexual Assault in a (53a-70b) — 10 years Spousal Relationship
 4. Attempt to Commit Sexual Assault — 10 years in a Spousal Relationship (53a-70b and 53a-49)
The sentence for each count was imposed consecutively for a total effective sentence of fifty years.
The petitioner argues that the sentence was unduly severe claiming that all charges arose out of a single incident and that a more appropriate sentence would be in the range of fifteen to twenty years considering the nature of the offense, the petitioner's age, his lack of recent criminal record and that this crime was committed when the petitioner was affected by cocaine usage.
The State's Attorney points out that these were separate crimes of utter depravity which terrified the victim, and that the sentencing court saw first hand the terror inflicted on the victim. The Court described the attacks as repeated, violent, vicious and animalistic. CT Page 9287
On February 11, 1991 at approximately 12:30 P.M. the victim had put her two year old son down for a nap and had gone to her basement to do awash. Her husband (petitioner) had left the house the day before following an argument between them. They had a history of arguing about his use of cocaine. While in the basement the victim was confronted by the petitioner who was masked and armed with a knife. She did not realize he was her husband. She was handcuffed, her face was bound tightly with duct tape from her head to her nose. She was undressed and for a period of one and one half to two hours was brutalized by the petitioner. She was vaginally raped, forced to perform oral sex and the petitioner attempted to penetrate her anally. During the attack he dragged her about the house by her hair or limbs. He urinated on her several times during the ordeal. She was left bruised, cut, terrorized and in pain. After the petitioner left, the victim, still blindfolded with the tape, made her way to two telephones which were inoperative. She made her way, naked, out of the house to her driveway where a neighbor came to her assistance and the police were then called. The petitioner had calculatingly planned this outrage. He had purchased handcuffs and had previously tried to enlist a friend into raping and degrading the victim. He took measures to conceal his identify and disguise his voice and, in fact, was not positively identified by the victim, but through other evidence including DNA test results.
The victim reported she was in constant anxiety since the attack, has lost her feeling of feeling secure, and is terrified of the petitioner. The offense is shocking, sadistic and if any crime can fit the definition of heinous, this one certainly does.
The petitioner had three criminal convictions in 1960 and 1962 involving crimes of moral turpitude, plus an assault conviction in 1982, a larceny conviction in 1985 and another in 1989.
The sentencing court could have imposed sentences of as much as eighty-five years.
Applying the provisions of Practice Book Section 942 to our review of this sentence we find that the sentencing properly considered those factors appropriate to the deterrent, confinement, need for public protection and the rehabilitative purposes of a sentence, and we conclude that the sentence was neither inappropriate nor disproportionate. It is affirmed. CT Page 9288
Purtill, Klaczak and Stanley, J.s, participated in this decision.